NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

KAREEM ABDUL BLOCKER, :
: Civ. No. 23-15988 (RMB-MJS)
Plaintiff. :
:
v. :
: **OPINION**
ATLANTIC COUNTY JAIL, et al., :
:
Defendants. :
_____ :

RENÉE MARIE BUMB, United States District Judge

Plaintiff Kareem Abdul Blocker, a pretrial detainee confined in Atlantic County Jail in Mays Landing, New Jersey, filed this civil rights suit under 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement. Plaintiff submitted an application to proceed without prepayment of the filing fee ("IFP App.") under 28 U.S.C. § 1915(a) (Dkt. No. 1-1). The IFP application establishes Plaintiff's financial eligibility to proceed without prepayment of the filing fee and will be granted.

**I.   SCREENING FOR DISMISSAL**

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts,

however, must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See, Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

II.   ANALYSIS

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983 and names three defendants in the complaint: Atlantic County Jail, Warden Kelly, and Deputy Warden Carbarer. (Compl., Dkt. No. 1.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, (1988).

Plaintiff alleges that dust, lack of fresh air, and unsanitary cells in Atlantic County Jail cause him to suffer difficulty breathing and worsen his existing medical problems. The diet he is provided causes him to suffer digestive problems. He is forced to sleep on a dirty floor near a toilet in an overcrowded cell with three men.

Warden Kelly and Deputy Warden Carbarer have done nothing to respond to Plaintiff's grievances about the unclean environment. Plaintiff alleges that staff do not walk the pod to determine whether it is sanitary, although there is a regulation that requires them to provide pretrial detainees with a clean environment.

Claims of unconstitutional conditions of confinement by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment. *Camps v. Giorla*, 843 F. App'x 450, 452 (3d Cir. 2021) (citing *Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008)). The Fourteenth Amendment protects pretrial detainees from punishment "prior to an adjudication of guilt in accordance with due process of law.'" *Id.* (quoting *Hubbard*, 538 F.3d at 231) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Thus, a plaintiff must allege facts stating a plausible claim that the conditions of confinement were imposed for the purpose of punishment and were not merely incidental to a legitimate governmental objective. *Id.* (citing *Hubbard*, 538 F.3d at 232). Where triple-celling is an attempt to manage overcrowded conditions and results in a person sleeping on the floor, triple celling is reasonably related to a legitimate governmental interest in managing an overcrowded facility. *Id.* at 453. Plaintiff has not alleged that housing him in a cell with two other men was not reasonably related to a legitimate governmental objective. This claim will be dismissed without prejudice.

The presence of dust and lack of fresh air in a detention facility alone are not conditions that constitutes punishment because these conditions are undoubtedly incidental to the legitimate government objective of housing pretrial detainees on a

limited budget. Plaintiff alleges the cells are dirty, but he has not described how they are dirty, how often the cells are cleaned, and how the cleaning efforts are deficient. Plaintiff must allege more facts that would permit the Court to conclude there is no legitimate governmental objective that reasonably relates to the alleged unsanitary conditions. The Court will dismiss this claim without prejudice.

Plaintiff further alleges that the unsanitary conditions cause him breathing difficulties, and the diet he is served causes him stomach problems. Liberally construing the complaint, Plaintiff may be asserting a claim of inadequate medical care. To state a Fourteenth Amendment Due Process claim of inadequate medical care, the standard is the same as under the Eighth Amendment, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir.1999)). Non-medical prison officials are not deliberately indifferent to a prisoner's serious medical need "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Plaintiff has not alleged any facts suggesting Warden Kelly and Deputy Warden Carbarer knew medical staff were not treating Plaintiff for his breathing and stomach problems. Plaintiff has not alleged any facts about his attempts to seek medical treatment for his symptoms. Therefore, the Court will dismiss this inadequate medical claim without prejudice.

Plaintiff has also sued Atlantic County Jail. A jail is not a legal entity subject to suit under § 1983. *Crawford v. McMillan*, 660 F. App'x 113, 116 (3d Cir. 2016). The Court will dismiss the claim against Atlantic County Jail with prejudice.

## III. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's IFP application and dismiss without prejudice the Fourteenth Amendment Due Process claims under § 1983 against Warden Kelly and Deputy Warden Carbarer. The Court will dismiss with prejudice the § 1983 claim against Atlantic County Jail.

An appropriate Order follows.

**DATE:** January 30, 2024           s/Renée Marie Bumb
                                     RENÉE MARIE BUMB
                                     Chief United States District Judge